```
                        UNITED STATES DISTRICT COURT

                        EASTERN DISTRICT OF CALIFORNIA

IN RE:

SK FOODS, L.P.

         Debtor.

BRADLEY SHARP,                              CIV. NO. S-10-1492 LKK

         Plaintiff,

             v.

SSC FARMS 1, LLC, et al.,

         Defendants.
                                     /
IN RE:

SK FOODS, L.P.                              CIV. NO. S-10-1493 LKK

         Debtor.
                                     /
IN RE:

SK FOODS, L.P.

         Debtor.

BRADLEY SHARP,                              CIV. NO. S-10-1496 LKK

         Plaintiff,

             v.

CSSS, L.P., et al.,

         Defendants.
                                     /
```

```
 1  IN RE:
 2  SK FOODS, L.P.
 3          Debtor.
 4  BRADLEY SHARP,                           CIV. NO. S-10-1497 LKK
 5          Plaintiff,
 6             v.
 7  FRED SALYER IRREVOCABLE
    TRUST, et al.,
 8
            Defendants.
 9  _____/
10  IN RE:
11  SK FOODS, L.P.
12          Debtor.
13  BRADLEY SHARP,                           CIV. NO. S-10-1498 LKK
14          Plaintiff,
15             v.
16  SKF AVIATION, LLC., et al.,
17          Defendants.
18  _____/
    IN RE:
19
    SK FOODS, L.P.
20
            Debtor.
21
    BRADLEY SHARP,                           CIV. NO. S-10-1499 LKK
22
            Plaintiff,
23
               v.
24
    SCOTT SALYER, et al.,
25
            Defendants.
26  _____/
```

2

```
IN RE:
SK FOODS, L.P.
        Debtor.
BRADLEY SHARP,                      CIV. NO. S-10-1500 LKK
        Plaintiff,
          v.
                                    O R D E R
SCOTT SALYER, et al.,
        Defendants.
                                   /
```

Before the court is a motion for rehearing on this court's December 10, 2010 order reversing the denial of a stay of proceedings before the Bankruptcy Court, brought by the Bankruptcy Trustee ("Trustee"). The court resolves the ambiguity in its prior order below.

## I. BACKGROUND

On December 10, 2010, the court reversed a decision of the bankruptcy court denying a motion to stay adversarial proceedings.[1] As to remedy, the court ordered "a stay of all further bankruptcy proceedings where Appellants make a credible showing that discovery from or testimony of Scott Salyer or his criminal counsel is relevant to the proceedings. The court wishes to be clear, the orders heretofore issued on a preliminary basis are unaffected by this order." Order at 23. The court did not indicate what issues, if any, were to be remanded to the Bankruptcy Court.

---

[1] The court incorporates its December 10, 2010 order.

1    Initially, the court set this motion to be heard on January
2 31, 2011. On January 25, 2011, however, the Trustee and Appellants
3 filed a stipulation to continue the hearing to a date no later than
4 March 31, 2011 so that the parties could engage in mediation. On
5 January 27, 2011, the court continued the hearing to April 11,
6 2011. On March 28, 2011, Appellants filed a supplemental objection
7 to the Trustee's motion. On April 4, 2011, the Trustee filed a
8 reply brief and the unsecured creditors joined the Trustee's
9 motion.[2] The motion was heard on April 11, 2011.

## II. ANALYSIS

11    The Trustee has moved for a rehearing on three issues, all
12 of which concern interpretation of the court's order on remedy.
13 Specifically, he requests clarification as to whether the
14 December 10, 2010 order constitutes an entry of a stay in the
15 bankruptcy proceedings. He further requests that this court
16 establish a procedure and time frame for the parties to submit
17 evidence in support of and in opposition to the specific stays.
18 Additionally, he argues that the court should amend the standard
19 set forth in the prior order to require a stay where testimony
20 of Scott Salyer ("Salyer") or his criminal counsel is necessary,
21 rather than relevant, to the proceedings.[3]

---

[2] The committee of unsecured creditors requests permission to file a brief as unofficial amicus curiae and for permission to appear for oral argument. The court grants this request.

[3] The Trustee has also argued, in the alternative, that if the December 10, 2010 order was to operate as a stay, that it should only apply to the adversary proceedings where Salyer is a party.

4

The court acknowledges that its prior order was ambiguous as to the remedy it issued. Accordingly, the court clarifies[4] the remedy as follows: The court found that the due process rights of Appellants may be infringed if they cannot adequately defend themselves in the adversary proceedings without discovery from or testimony of Salyer, who cannot be compelled to testify under the Fifth Amendment, or his criminal counsel, who cannot be compelled to violate the attorney-client privilege. Nonetheless, the court recognizes that it is possible for the adversary proceedings to continue without offending these rights. Thus, the court is remanding the case to the Bankruptcy Court to decide, in the first instance, whether discovery from or testimony of Salyer or his criminal counsel is reasonably necessary[5] to dispose of a particular matter before the Bankruptcy Court in the adversary proceedings. A matter is reasonably necessary if Appellants cannot adequately defend themselves in an adversary proceeding without evidence from Salyer or his criminal counsel. The Bankruptcy Court's decisions on these matters may be directly appealed to this court on the

---

[4] Appellants challenge this court's jurisdiction to clarify its prior order. Under Fed. R. Civ. P. 60(a), "the court may correct . . . a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Under this rule, the court may amend its prior order to better reflect its understanding of the issues and appropriate remedy.

[5] Upon further reflection, the court finds that the relevance standard it previously ordered is too broad. Given the significant overlap between testimony in the adversary proceedings and the criminal proceedings, discovery from or testimony of Salyer or his criminal counsel would almost necessarily be relevant.

same grounds that the court had jurisdiction to hear the appeal of the first order denying a stay of proceedings.

Further, Appellants shall file their initial motions to stay before the Bankruptcy Court within fourteen (14) days of the issuance of this order.[6] These motions must be set for hearing as early as practicable under the Bankruptcy Court's local rules and procedures. The Bankruptcy Court shall issue written orders explaining the basis for its decisions to stay or not to stay the proceedings. Additionally, the court recognizes that an adversary proceeding may not be subject to a stay at this time, but may, through the course of litigation, require a stay under the standard set forth above. In this situation, Appellants shall file a motion to stay proceedings within fourteen (14) days of their discovery of new evidence or circumstances, which they contend reasonably requires evidence from Salyer or his criminal counsel to adequately defend themselves. This motion must also be set for hearing as early as practicable. In addition to the burden set forth above, Appellants must also demonstrate why the new facts or circumstances that are claimed to exist were not shown at the time of the initial motion and were only reasonably discovered within fourteen (14) days of the filing of the motion. Appellants may not sit on their rights. Failure to bring a

---

[6] The court assumes that Appellants intend to stay all adversary proceedings due to their representations at oral argument. The court is in no way requiring the Appellants to seek such stays.

6

timely motion to stay will result in denial of the motion.

Moreover, in his reply, the Trustee attempts to introduce new evidence in support of his argument that the court amend its prior order. Specifically, the court concluded that the Bankruptcy Court's finding that the preliminary injunction will not protect the Trustee and creditors was in clear error because the Bankruptcy Court presented no explanation as to why the preliminary injunction was insufficient to protect those interests. The Trustee now attempts to seek this court's consideration of recent events to suggest that the preliminary injunction may actually be insufficient. This evidence must first be brought before the Bankruptcy Court in a motion to amend or lift a stay. If the Trustee decides to bring such a motion, the losing party may appeal the Bankruptcy Court's order on the motion to this court, as is customary in this case. At this time, however, it is not appropriate for the court to consider this new evidence.[7]

IT IS SO ORDERED.

DATED:  April 13, 2011.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[7] The court notes that in its prior order affirming the Bankruptcy Court's preliminary injunction, the court decided an issue that was not previously raised before the Bankruptcy Court: namely, whether counsel for the non-debtor entity-Appellants could recover fees. The court only did so pursuant to stipulation of the parties and in light of the unique relationship between the Bankruptcy and District Courts. No such stipulation exists here and, thus, the court declines to decide this question in the instant motion.